IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01878-GPG

JERROD CORNING,

     Plaintiff,

v.

CORRECTIONAL CORPORATION OF AMERICA,
DAVID GROSS,
S. MILLER,
E. HOWELL,
DESIREE ANDREWS,
BOBBY BONNER, and
GREG JONES,

     Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

Plaintiff, Jerrod Corning, is a prisoner at the Kit Carson Correctional Center

("KCCC") in Burlington, Colorado.   Mr. Corning initiated this action by filing *pro se* a

Prisoner Complaint With Jury Demand (ECF No. 1).   On December 8, 2015, Mr. Corning

filed an amended Prisoner Complaint With Jury Demand (ECF No. 17).   Mr. Corning

asserts federal constitutional claims pursuant to 42 U.S.C. § 1983 and he asserts state

law tort claims.   He seeks damages as relief.

The court must construe the amended complaint liberally because Mr. Corning is

not represented by an attorney.   *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972);

*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).   However, the court should not be

an advocate for a *pro se* litigant.   *See Hall*, 935 F.2d at 1110.   Mr. Corning will be

ordered to file a second amended complaint if he wishes to pursue his claims in this action.

Mr. Corning first claims Defendants David Gross, E. Howell, and Bobby Bonner were deliberately indifferent to his serious medical needs.   He alleges in support of claim one that David Gross is a physician's assistant and that P.A. Gross failed to evaluate Mr. Corning's condition after Mr. Corning complained of severe lung pain and difficulty breathing on October 1, 2013; that E. Howell is a licensed practical nurse and that Nurse Howell failed to provide medical care and refused to allow Mr. Corning to see a doctor when he declared a medical emergency on November 6, 2013; and that KCCC Warden Bobby Bonner refused to acknowledge the prison medical department interfered with Mr. Corning's attempts to communicate with a doctor in February 2014.   The court construes claim one as an Eighth Amendment claim because "the Eighth Amendment . . . serves as the primary source of substantive protection to convicted prisoners."   *Whitley v. Albers*, 475 U.S. 312, 327 (1986).

Mr. Corning's second claim is an access to the courts claim.   He alleges in support of claim two that Greg Jones delayed the delivery of mail containing evidence for this case in January and February 2015 and that Warden Bonner and Corrections Corporation of America ("CCA") failed to hire a paralegal.

Mr. Corning's third claim, which also is an Eighth Amendment cruel and unusual punishment claim against Nurse Howell, is repetitive of claim one.

Mr. Corning's fourth claim is a state law tort claim for medical malpractice asserted against P.A. Gross and Nurse Howell for the same reasons set forth in claim one and

against S. Miller.   Mr. Corning alleges that S. Miller is a licensed practical nurse and that Nurse Miller diagnosed Mr. Corning's lung condition on or about October 5, 2013, without an examination.

Mr. Corning's final claim is a state law negligence claim asserted against P.A. Gross for failing to evaluate Mr. Corning's condition in October 2013; against CCA because the prison medical department hindered Mr. Corning's communication with a doctor in February 2014 and delayed proper medical tests from February 2014 until May 2014; against Warden Bonner for refusing to acknowledge that the prison medical department interfered with Mr. Corning's attempts to communicate with a doctor in February 2014; against Greg Jones for delaying delivery of mail with evidence for this case in January and February 2015; against CCA and Warden Bonner for failing to hire a paralegal; and against Desiree Andrews for failing to properly address Mr. Corning's complaints that the medical department was interfering with his attempts to communicate with a doctor in February 2014.

The amended complaint is deficient because Mr. Corning fails to allege specific facts in support of his claims that demonstrate he is entitled to relief.   In order to state an arguable Eighth Amendment claim Mr. Corning must allege facts that demonstrate deliberate indifference to a serious medical need.   *See Estelle v. Gamble*, 429 U.S. 97, 104-06 (1976).   "A claim of deliberate indifference includes both an objective and a subjective component."   *Al-Turki v. Robinson*, 762 F.3d 1188, 1192 (10th Cir. 2014).   "A medical need is considered sufficiently serious to satisfy the objective prong if the condition has been diagnosed by a physician as mandating treatment or is so obvious

that even a lay person would easily recognize the necessity for a doctor's attention." *Id.* at 1192-93 (internal quotation marks omitted).   To the extent Mr. Corning's Eighth Amendment claims are premised on a delay in providing adequate medical care, he must allege specific facts that demonstrate the delay resulted in substantial harm. *See id.* at 1193.   "[T]he substantial harm caused by a delay in treatment may be a permanent physical injury, or it may be an intermediate injury, such as the pain experienced while waiting for treatment and analgesics." *Id.* (internal quotation marks omitted).   Under the subjective prong, 'a prison official may be held liable . . . only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).

With respect to the access to the courts claim, "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977).   However, a prisoner's access to the courts claim lacks merit in the absence of an actual injury in the prisoner's ability to pursue a nonfrivolous legal claim. *See Lewis v. Casey*, 518 U.S. 343, 349-55 (1996); *Penrod v. Zavaras*, 94 F.3d 1399, 1403 (10th Cir. 1996) (per curiam).   Mr. Corning fails to allege facts that demonstrate he has suffered an actual injury in his ability to pursue a nonfrivolous legal claim.

Mr. Corning is advised that, in order to state a claim in federal court, "a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes

4

the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163

(10th Cir. 2007).   The general rule that *pro se* pleadings must be construed liberally has

limits and "the court cannot take on the responsibility of serving as the litigant's attorney in

constructing arguments and searching the record." *Garrett v. Selby Connor Maddux &*

*Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

The court emphasizes that "[i]ndividual liability under § 1983 must be based on

personal involvement in the alleged constitutional violation." *Foote v. Spiegel*, 118 F.3d

1416, 1423 (10th Cir. 1997).   Thus, allegations of "personal participation in the specific

constitutional violation complained of [are] essential." *Henry v. Storey*, 658 F.3d 1235,

1241 (10th Cir. 2011).   A defendant may not be held liable for the unconstitutional

conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v.*

*Iqbal*, 556 U.S. 662, 676 (2009).   Although a defendant can be liable in a § 1983 action

based on his or her supervisory responsibilities, a claim of supervisory liability must be

supported by allegations that demonstrate personal involvement, a causal connection to

the constitutional violation, and a culpable state of mind. *See Schneider v. City of Grand*

*Junction Police Dept.*, 717 F.3d 760, 767-69 (10th Cir. 2013) (discussing standards for

supervisory liability).

To the extent Mr. Corning is asserting a constitutional claim against CCA, he must

allege specific facts that demonstrate he suffered an injury caused by an official policy or

custom. *See Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir. 2003) (holding

that traditional municipal liability principles apply to claims brought pursuant to 42 U.S.C.

§ 1983 against private corporations); *Smedley v. Corrections Corp. of America*, 175 F.

App'x 943, 946 (10th Cir. 2005) ("in order to hold CCA liable for the alleged tortious acts of its agents, [Plaintiff] must show that CCA directly caused the constitutional violation by instituting an official policy of some nature that was the direct cause or moving force behind the constitutional violations") (internal citation and quotation marks omitted).

For these reasons Mr. Corning will be ordered to file an amended complaint that clarifies the claims he is asserting.   The court may decline to exercise supplemental jurisdiction over Mr. Corning's state law tort claims if he fails to allege sufficient facts to support a cognizable federal constitutional claim.   *See* 28 U.S.C. § 1367(c)(3). Accordingly, it is

ORDERED that Mr. Corning file, **within thirty (30) days from the date of this order**, a second amended complaint as directed in this order.   It is

FURTHER ORDERED that Mr. Corning shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.   It is

FURTHER ORDERED that, if Mr. Corning fails to file a second amended complaint that complies with this order within the time allowed, the action will be dismissed without further notice.

DATED December 11, 2015, at Denver, Colorado.

BY THE COURT:



_____

Gordon P. Gallagher
United States Magistrate Judge