IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01878-GPG

JERROD CORNING,

     Plaintiff,

v.

CORRECTIONS CORPORATION OF AMERICA,
IDAHO DEPARTMENT OF CORRECTION,
KEVIN KEMPH,
TIM HIGGINS,
JOE CARDONA,
DAVID GROSS,
S. MILLER,
E. HOWELL,
DESIREE ANDREWS,
BOBBY BONNER,
GREG JONES, and
J. GRAY,

     Defendants.

---

## ORDER TO DISMISS IN PART AND TO DRAW CASE

---

Plaintiff, Jerrod Corning, is a prisoner in the custody of the Idaho Department of

Corrections ("IDOC"). Mr. Corning was incarcerated at the Kit Carson Correctional

Center ("KCCC") in Burlington, Colorado, when he initiated this action by filing *pro se* a

Prisoner Complaint With Jury Demand (ECF No. 1). The KCCC is a private prison

operated by Corrections Corporation of America ("CCA"). On November 24, 2015, Mr.

Corning filed an amended Prisoner Complaint With Jury Demand (ECF No. 14) that was

not signed. On December 8, 2015, Mr. Corning filed an amended Prisoner Complaint

With Jury Demand (ECF No. 17) that is signed. On December 11, 2015, Magistrate

Judge Gordon P. Gallagher ordered Mr. Corning to file a second amended complaint that clarifies the constitutional claims he is asserting and what each Defendant did that allegedly violated his rights.   On February 10, 2016, Mr. Corning filed a second amended Prisoner Complaint With Jury Demand (ECF No. 25).   On February 22, 2016, Mr. Corning filed a letter (ECF No. 27) advising the Court that he has been transferred to a prison in Idaho.

Mr. Corning has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.   Therefore, the Court must dismiss the action if Mr. Corning's claims are frivolous.   *See* 28 U.S.C. § 1915(e)(2)(B)(i).   A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.   *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989).   The Court will dismiss the action in part as legally frivolous.

The Court must construe the second amended complaint liberally because Mr. Corning is not represented by an attorney.   *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).   However, the Court should not be an advocate for a *pro se* litigant.   *See Hall*, 935 F.2d at 1110.

Mr. Corning asserts four claims in the second amended complaint that arose during his incarceration at the KCCC.   Two of the claims are constitutional claims pursuant to 42 U.S.C. § 1983 and two claims are state law tort claims.   The constitutional claims are identified as claim one and claim two.   The state law tort claims are identified as claim four and claim five.   There is no claim three in the second amended complaint.

Mr. Corning's first claim is an Eighth Amendment claim in which he alleges he was

denied adequate medical treatment beginning in October 2013 and that the failure to

provide adequate medical treatment has resulted in permanent lung and nerve damage

that causes extreme pain.   Mr. Corning specifically alleges in support of claim one that

Defendant David Gross is a physician's assistant who failed to evaluate Mr. Corning's

condition after he complained of severe lung pain and difficulty breathing on October 1,

2013; that Defendant E. Howell is a licensed practical nurse who refused to allow Mr.

Corning to see a doctor when he declared a medical emergency on November 6, 2013;

that KCCC Warden Bobby Bonner failed to acknowledge or take action in response to Mr.

Corning's complaints in 2014 that medical personnel had interfered with Mr. Corning's

attempts to communicate with a doctor; and that the CCA medical department failed to

properly diagnose and treat his medical condition in October and November 2013 and

denied him medication in November and December 2015.

　　　In order to state an arguable Eighth Amendment claim Mr. Corning must allege

facts that demonstrate deliberate indifference to a serious medical need.   *See Estelle v.*

*Gamble*, 429 U.S. 97, 104-06 (1976).   "A claim of deliberate indifference includes both

an objective and a subjective component."   *Al-Turki v. Robinson*, 762 F.3d 1188, 1192

(10th Cir. 2014).   "A medical need is considered sufficiently serious to satisfy the

objective prong if the condition has been diagnosed by a physician as mandating

treatment or is so obvious that even a lay person would easily recognize the necessity for

a doctor's attention."   *Id.* at 1192-93 (internal quotation marks omitted).   To the extent

Mr. Corning's Eighth Amendment claim is premised on a delay in providing adequate

medical care, he must allege specific facts that demonstrate the delay resulted in

substantial harm.   *See id.* at 1193.   "[T]he substantial harm caused by a delay in treatment may be a permanent physical injury, or it may be an intermediate injury, such as the pain experienced while waiting for treatment and analgesics."   *Id.* (internal quotation marks omitted).   Under the subjective prong, 'a prison official may be held liable . . . only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."   *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).

Mr. Corning's first claim will be dismissed for lack of personal participation to the extent the claim is asserted against Warden Bonner.   As Magistrate Judge Gallagher advised Mr. Corning, "[i]ndividual liability under § 1983 must be based on personal involvement in the alleged constitutional violation."   *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997).   Thus, allegations of "personal participation in the specific constitutional violation complained of [are] essential."   *Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011).   A defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior.   *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).   Although a defendant can be liable in a § 1983 action based on his or her supervisory responsibilities, a claim of supervisory liability must be supported by allegations that demonstrate personal involvement, a causal connection to the constitutional violation, and a culpable state of mind.   *See Schneider v. City of Grand Junction Police Dept.*, 717 F.3d 760, 767-69 (10th Cir. 2013) (discussing standards for supervisory liability).

Mr. Corning fails to allege any facts that demonstrate Warden Bonner personally

participated in the alleged denial of adequate medical treatment.   He does not allege that

Warden Bonner knew he faced a substantial risk of serious harm and failed to take action

to abate that risk.   Instead, Mr. Corning alleges only that Warden Bonner failed to

acknowledge or take action in response to Mr. Corning's complaints in 2014 that medical

personnel had interfered with Mr. Corning's attempts to communicate with a doctor.

There is no allegation or indication that Warden Bonner personally participated in any

medical decisions pertinent to Mr. Corning's medical treatment.   Therefore, to the extent

Mr. Corning's first claim is asserted against Warden Bonner, the claim will be dismissed

as legally frivolous.

Mr. Corning's first claim also will be dismissed to the extent the claim is asserted

against the CCA medical department.   Section 1983 "provides a federal cause of action

against any person who, acting under color of state law, deprives another of his federal

rights."   *Conn v. Gabbert*, 526 U.S. 286, 290 (1999).   However, the CCA medical

department is not a "person" subject to suit under § 1983.   To the extent claim one can

be construed as an Eighth Amendment claim against CCA, the claim lacks merit because

Mr. Corning fails to allege facts that demonstrate he suffered an injury caused by an

official CCA policy or custom.   *See Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th

Cir. 2003) (holding that traditional municipal liability principles apply to claims brought

pursuant to 42 U.S.C. § 1983 against private corporations); *Smedley v. Corrections Corp.

of America*, 175 F. App'x 943, 946 (10th Cir. 2005) ("in order to hold CCA liable for the

alleged tortious acts of its agents, [Plaintiff] must show that CCA directly caused the

constitutional violation by instituting an official policy of some nature that was the direct

cause or moving force behind the constitutional violations") (internal citation and quotation marks omitted).   Magistrate Judge Gallagher specifically advised Mr. Corning that, if he is asserting any constitutional claims against CCA, he must allege specific facts that demonstrate he suffered an injury caused by an official policy or custom.   Despite this advisement, Mr. Corning does not allege facts that would support an arguable Eighth Amendment claim against CCA.

The Court will not address at this time the merits of Mr. Corning's first claim as asserted against Defendants Gross and Howell.

Mr. Corning's second claim also is an Eighth Amendment medical treatment claim that is asserted only against Nurse Howell.   Mr. Corning's allegations against Nurse Howell in support of claim two are repetitive of his allegations against Nurse Howell in support of claim one which, as noted above, the Court will not address at this time.

Mr. Corning's third claim for relief, which is identified as claim four in the second amended complaint (*see* ECF No. 25 at 17), is a medical malpractice claim against Defendants Gross and Howell premised on the same factual allegations asserted in support of claim one.   Mr. Corning also asserts the medical malpractice claim against Defendant S. Miller, another licensed practical nurse who allegedly diagnosed Mr. Corning with pleurisy in October 2013 without an examination.   The Court will not address at this time the merits of Mr. Corning's medical malpractice claim against Defendants Gross, Howell, and Miller.

Mr. Corning's fourth claim for relief, which is identified as claim five in the second amended complaint (*see* ECF No. 25 at 18), is a negligence claim.   Mr. Corning alleges

in support of his negligence claim that Defendant Gross failed to provide adequate medical treatment in October 2013 and November 2015; the CCA medical department interfered with his communications with a physician in February 2014, denied medication in November 2015 and again from December 23, 2015, through January 1, 2016, and failed to schedule a proper CT scan with IV contrast in 2014; Warden Bonner failed to acknowledge or take action in response to Mr. Corning's complaints in 2014 that medical personnel had interfered with Mr. Corning's attempts to communicate with Dr. Tiona; Defendant Greg Jones failed to deliver Mr. Corning's mail in a timely manner in February 2015; CCA and Warden Bonner failed to hire a paralegal; Defendant Desiree Andrews did not properly address an issue Mr. Corning raised in a grievance and erroneously determined the CCA medical department did not hinder his communications with Dr. Tiona in February 2014; the IDOC and individual IDOC officials, Kevin Kemph, Tim Higgins, and Joe Cardona, failed to ensure Mr. Corning received adequate medical care at KCCC; and Defendant J. Gray denied Mr. Corning pain medication on two extended occasions.

The elements of a negligence claim under Colorado law are the following: "(1) the existence of a legal duty to the plaintiff; (2) the defendant breached that duty; (3) the plaintiff was injured; and (4) the defendant's breach of duty caused the injury." *Raleigh v. Performance Plumbing & Heating*, 130 P.3d 1011, 1015 (Colo. 2006). Mr. Corning's negligence claim against the IDOC and the individual IDOC officials lacks merit because his vague and conclusory allegation that the IDOC and the individual IDOC officials failed to ensure he received adequate medical care while he was incarcerated at KCCC does

not demonstrate he suffered any injury caused by action or inaction of the IDOC or the individual IDOC officials.   Instead, Mr. Corning alleges he was denied adequate medical treatment by medical personnel at KCCC.   The fact that Mr. Corning is a prisoner in the custody of the IDOC is not enough to demonstrate the IDOC and the individual IDOC officials are responsible for his medical treatment at the KCCC.   Therefore, the IDOC and the individual IDOC officials, Kevin Kemph, Tim Higgins, and Joe Cardona, will be dismissed as parties to this action.

The negligence claim against Warden Bonner and Desiree Andrews also is legally frivolous and must be dismissed.   Mr. Corning alleges in support of his negligence claim against these two Defendants that Warden Bonner failed to acknowledge or take action in response to Mr. Corning's complaints that medical personnel had interfered with Mr. Corning's attempts to communicate with Dr. Tiona in February 2014 and that Desiree Andrews did not properly address that issue and erroneously determined the medical department did not hinder communications between Mr. Corning and Dr. Tiona in February 2014.   However, Mr. Corning fails to allege facts that demonstrate he suffered any injury as a result of the alleged actions or inactions of Warden Bonner and Desiree Andrews.   To the extent the second amended complaint could be construed liberally as identifying the allegedly inadequate medical treatment as the injury, Mr. Corning fails to allege facts demonstrating any action or inaction by Warden Bonner or Desiree Andrews that caused that injury.   Therefore, the negligence claim against Warden Bonner and Desiree Andrews also will be dismissed.

Mr. Corning's negligence claim against Greg Jones also is legally frivolous and will

be dismissed. Mr. Corning alleges that Defendant Jones failed to deliver to Mr. Corning two pieces of mail that were received at KCCC on January 26, 2015, and February 19, 2015, respectively. Mr. Corning concedes that he received the mail from Mr. Jones on February 24, 2015. This claim will be dismissed because Mr. Corning fails to allege facts that demonstrate he suffered any injury as a result of the delayed mail deliveries.

Mr. Corning's negligence claim against CCA and Warden Bonner based on the alleged failure to hire a paralegal also will be dismissed. According to Mr. Corning the failure to hire a paralegal prevented him from having confidential communications with his lawyer. However, he fails to allege the existence of a legal duty to hire a paralegal and he fails to allege facts that demonstrate how the failure to hire a paralegal prevented him from having confidential communications with his lawyer.

The Court will not address at this time the merits of the negligence claim with respect to medical treatment as asserted against David Gross, CCA, and J. Gray.

In summary, the Court will dismiss as legally frivolous the constitutional claims asserted against Warden Bonner and CCA. The Court also will dismiss as legally frivolous the negligence claims asserted against Warden Bonner, Desiree Andrews, Greg Jones, the IDOC, Kevin Kemph, Tim Higgins, and Joe Cardona. Because all of the claims asserted against Warden Bonner, Desiree Andrews, Greg Jones, the IDOC, Kevin Kemph, Tim Higgins, and Joe Cardona are legally frivolous, those Defendants will be dismissed as parties to this action.

The Court will not address at this time the merits of the constitutional claims against Defendants David Gross, S. Miller, and E. Howell or the state law tort claims

against David Gross, S. Miller, E. Howell, CCA, and J. Gray.   Instead, the action will be

drawn to a presiding judge and, if applicable, to a magistrate judge.   *See*

D.C.COLO.LCivR 8.1(c).   Accordingly, it is

ORDERED that the constitutional claims against Warden Bonner and CCA and the

negligence claims asserted against Warden Bonner, Desiree Andrews, Greg Jones, the

IDOC, Kevin Kemph, Tim Higgins, and Joe Cardona are dismissed as legally frivolous

pursuant to 28 U.S.C. § 1915A(b) and Defendants Bobby Bonner, Desiree Andrews,

Greg Jones, the IDOC, Kevin Kemph, Tim Higgins, and Joe Cardona are dismissed as

parties to this action.   It is

FURTHER ORDERED that this case shall be drawn to a presiding judge and, if

applicable, to a magistrate judge.

DATED at Denver, Colorado, this  22nd  day of  March  , 2016.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court